IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| STEPHEN BEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:17-CV-152 |
| § | |
| BRAZORIA COUNTY COURT AT LAW § | |
| NO. 2, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Stephen Bey, has filed a "legal notice of removal" (Dkt. 1). The filing is largely incomprehensible, but the Court has construed it as a *pro se* civil rights complaint under 42 U.S.C. § 1983 seeking the expunction of a DWI conviction and damages against the defendants. After reviewing Bey's pleadings, the Court concludes that this case must be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

### I. BACKGROUND

Bey's real name, according to Brazoria County court records, is Stephen George Jackson; and Bey concedes as much in his pleadings, though he claims that "Stephen George Jackson" is "an artificial . . . person" and a "man-of-straw" (Dkt. 1 at p. 3). Bey/Jackson seeks, on grounds that are impossible to ascertain, monetary damages and the expunction of a DWI conviction "and any other order or action associated with it"

(Dkt. 1 at p. 11). The DWI conviction stems from Brazoria County Criminal Case Number 222230 (Dkt. 1 at p. 11).

## II. STANDARD OF REVIEW

It does not appear that Bey/Jackson was incarcerated when he filed this complaint, so the Prison Litigation Reform Act does not apply. However, Bey/Jackson is proceeding *pro se* and *in forma pauperis*,[1] so the Court is required to dismiss his complaint if it is "frivolous or malicious;" "fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying Section 1915(e) to a non-prisoner); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015) (same).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a

---

[1] Bey/Jackson's "affidavit of financial statement" (Dkt. 1-1) is construed as a motion for leave to proceed *in forma pauperis* and is granted.

factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. THE *HECK* RULE

Bey/Jackson seeks monetary damages under 42 U.S.C. § 1983 for his allegedly unlawful DWI conviction. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

The *Heck* rule applies to Bey/Jackson's claims, which explicitly seek the award of monetary damages on the ground that Bey/Jackson's DWI conviction was

"unconstitutional" (Dkt. 1 at p. 11). Bey/Jackson does not allege or show that his conviction has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. The Court has conducted a search of publicly available records under both names—"Stephen Bey" and "Stephen George Jackson"—and has found no filings in the Texas Court of Criminal Appeals challenging Bey/Jackson's DWI conviction. Absent a showing that the conviction has been invalidated or set aside, the rule in *Heck* precludes Bey/Jackson's claims for damages. Bey/Jackson's claims for injunctive relief in the form of expunction, and any claims for declaratory relief, are likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

It follows that Bey/Jackson's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and that his complaint must be dismissed. The dismissal of the claims for monetary damages will be with prejudice until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). The claims for injunctive relief are construed as federal habeas claims and are dismissed without prejudice for failure to exhaust state-court remedies. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

## IV. <u>ABSOLUTE IMMUNITY</u>

Even if a complaint is barred by *Heck*, it remains appropriate for the district court to consider the possible applicability of the doctrine of absolute immunity. *McGrew*, 47 F.3d at 161. Bey/Jackson has sued the State of Texas (Dkt. 1 at pp. 1, 11), which cannot

be sued under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Bey/Jackson also seems to be trying to allege claims against Brazoria County (Dkt. 1 at pp. 1, 11), which does not have absolute immunity but may only be held liable under Section 1983 for acts that are directly attributable to it through some official action or imprimatur. *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). Bey/Jackson must show, in addition to a Constitutional violation, that an official policy promulgated by Brazoria County's policymaker was the moving force behind, or actual cause of, the Constitutional injury. *Id.* Bey/Jackson does not point to a particular Brazoria County policy that violated his Constitutional rights. Bey/Jackson also appears to be trying to sue the police officer who arrested him (Dkt. 1 at p. 11), who does not have absolute immunity but may be entitled to qualified immunity.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Bey/Jackson's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. As noted in the opinion, the dismissal of the claims for monetary damages is with prejudice until the *Heck* conditions are met. The dismissal of the claims for injunctive relief and any claims for declaratory relief is without prejudice.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas on _August 21_, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE